UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LUCASH and JOYCE LUCASH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:06CV1047 TIA |
| MASTER CRAFT INDUSTRIAL EQUIPMENT CORPORATION, INC., | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Michael Lucash and Joyce Lucash's Motion to Remand (Docket No. 5). Defendant Master Craft Industrial Equipment Corporation, Inc. has filed opposition to the pending motion.

On April 21, 2006, Plaintiffs Michael and Joyce Lucash filed a Petition for damages against Defendant in the Circuit Court of St. Charles County, Missouri, seeking to recover for personal injuries sustained by Plaintiff Michael Lucash in a 2005 accident while working near a forklift manufactured by Defendant and operated by a co-worker. On July 12, 2006, Defendant removed the case to this Court on the basis of diversity of citizenship. (Docket No. 1/filed July 12, 2006).

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Under 28 U.S.C. § 1446(b), a removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading...." Plaintiffs assert

that Defendant was served with summons and petition on June 7, 2006, based on the alias summons which shows Defendant was served on that date. Thus, Plaintiffs contend that removal was untimely, because it occurred more than thirty days after June 7, 2006, and therefore the case must be remanded.

Defendant responds that the state court clerk's docket records show service was not effectuated on Defendant until June 14, 2006, less than thirty days before Defendant filed its Notice of Removal, and thus the Notice of Removal was filed in a timely manner. The undersigned notes that Defendant does not contest that it was not formally served with summons and petition in this case on June 7, 2006.

The time for removal under 28 U.S.C. § 1446(b) commences upon the defendant's simultaneous receipt of summons and complaint [or petition], or when defendant receives a separate copy of the complaint [or petition] "through service or otherwise" after having been served with summons. Murphy Bros., Inc. v. Michetti Pipe Stringing Inc., 526 U.S. 344 (1999). Formal service of process triggers the thirty-day time limit for removal. 28 U.S.C. § 1446(b).

In this case, Plaintiffs have submitted a document showing that a registered agent of Defendant accepted service on behalf of Defendant in this matter on June 7, 2006. In an effort to counter this evidence, Defendant argues that it reasonably relied on the circuit court's docket entry while preparing its Notice of Removal. Nonetheless, the undersigned finds that inasmuch as the alias summons shows that Plaintiffs served a statutory agent of Defendant, not Defendant, the record is unclear whether Defendant's Notice of Removal was filed in a timely manner as required by 28 U.S.C. § 1446(b). Accordingly,

**IT IS HEREBY ORDERED** that the parties file additional briefs addressing the date Defendant received service of summons and petition no later than August 30, 2006.

Dated this  23rd  day of August, 2006.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE